# EXHIBIT "A"

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
-------------------------------------------------------------------------X
VILMA RODRIGUEZ,

                              Plaintiff,

-against-

BURLINGTON STORES, INC., BURLINGTON COAT
FACTORY OF TEXAS, INC. and BURLINGTON
COAT FACTORY DIRECT CORPORATION,

                              Defendants.
-------------------------------------------------------------------------X

Index No.:
Date Purchased:

**SUMMONS**

Plaintiff designates Bronx
County as place
of trial.

The Basis of Venue:
Plaintiff's residence:
751 Walton Avenue, #27B
Bronx, NY 10451

**To the above-named Defendants:**

    YOU ARE HEREBY SUMMONED to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance on the Plaintiff's Attorneys within 20 days after the service of this summons exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear of answer, judgment will be taken against you be default for the relief demanded herein.

Dated: Valley Stream, New York
       May 18, 2022

                                            LAW OFFICES OF LAURENCE ROGERS

                                            BY: _____
                                                LAURENCE D. ROGERS
                                             *Attorneys for Plaintiff*
                                             70 E. Sunrise Highway, Suite 500
                                             Valley Stream, New York 11581
                                             (516) 253-4230

To:    Burlington Stores, Inc.
2006 Route 130 North
Burlington, New Jersey 08016

Burlington Coat Factory Direct Corporation
c/o CT Corporation System
28 Liberty Street
New York, New York 10005

Burlington Coat Factory of Texas, Inc.
c/o CT Corporation System
28 Liberty Street
New York, New York 10005

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
-------------------------------------------------------------------------X   Index No.:
VILMA RODRIGUEZ,                                                              Date Purchased:

                      Plaintiff,

                                                  **VERIFIED COMPLAINT**

      -against-

BURLINGTON STORES, INC., BURLINGTON COAT
FACTORY OF TEXAS, INC. and BURLINGTON
COAT FACTORY DIRECT CORPORATION,

                      Defendants.
-------------------------------------------------------------------------X

       Plaintiff, by her attorneys, LAW OFFICES OF LAURENCE ROGERS, complaining of

the Defendants herein, respectfully shows to this court and alleges as follows

       1.      That at the commencement of the within action, the Plaintiff, VILMA

RODRIGUEZ, was a resident of the County of Bronx, State of New York.

       2.      That at all times hereinafter alleged and upon information and belief, the

Defendant, BURLINGTON STORES, INC., was a domestic corporation duly organized and

existing under and by virtue of the laws of the State of New York.

       3.      That at all times hereinafter alleged, and upon information and belief, the

Defendant, BURLINGTON STORES, INC., was a foreign corporation authorized to do business

under and by virtue of the laws of the State of New York.

       4.      That at all times hereinafter alleged and upon information and belief, the

Defendant, BURLINGTON STORES, INC., was a foreign corporation that derived substantial

benefit from commerce within the State of New York.

       5.      That at all times herein mentioned, the defendant, BURLINGTON STORES,

INC., was a foreign corporation that should have expected that its acts would have consequences

within the State of New York.

6. That at all times hereinafter alleged and upon information and belief, the Defendant, BURLINGTON COAT FACTORY OF TEXAS, INC., was a domestic corporation duly organized and existing under and by virtue of the laws of the State of New York.

7. That at all times hereinafter alleged, and upon information and belief, the Defendant, BURLINGTON COAT FACTORY OF TEXAS, INC., was a foreign business corporation authorized to do business under and by virtue of the laws of the State of New York.

8. That at all times hereinafter alleged and upon information and belief, the Defendant, BURLINGTON COAT FACTORY DIRECT CORPORATION, was a domestic corporation duly organized and existing under and by virtue of the laws of the State of New York.

9. That at all times hereinafter alleged, and upon information and belief, the Defendant, BURLINGTON COAT FACTORY DIRECT CORPORATION, was a foreign corporation authorized to do business under and by virtue of the laws of the State of New York.

10. That at all times hereinafter alleged, and upon information and belief, the Defendant, BURLINGTON STORES, INC., was an owner of the premises known as Bronx Terminal Market, located at 700 Exterior Street, in the County of Bronx, City and State of New York.

11. That at all times hereinafter alleged, and upon information and belief, the Defendant, BURLINGTON STORES, INC., was a lessor of the premises known as Bronx Terminal Market, located at 700 Exterior Street, in the County of Bronx, City and State of New York.

12. That at all times hereinafter alleged, and upon information and belief, the Defendant, BURLINGTON STORES, INC., was a lessee of the premises known as Bronx

Terminal Market, located at 700 Exterior Street, in the County of Bronx, City and State of New York.

13. That at all times herein mentioned, the Defendant, BURLINGTON STORES, INC., was operating a business, located at 700 Exterior Street, in the County of Bronx, City and State of New York, under the assumed name "Burlington Coat Factory".

14. That at all times herein mentioned, the Defendant, BURLINGTON STORES, INC.., was operating a business, located at 700 Exterior Street, in the County of Bronx, City and State of New York, under the assumed name "Burlington".

15. That on or about May 20, 2021, and at all times hereinafter alleged, and upon information and belief, the Defendant, BURLINGTON STORES, INC., managed a Burlington store at the premises known as Bronx Terminal Market, located at 700 Exterior Street, in the County of Bronx, City and State of New York.

16. That on or about May 20, 2021, and at all times herein mentioned, the Defendant, BURLINGTON STORES, INC., maintained a Burlington store at the premises known as Bronx Terminal Market, located at 700 Exterior Street, in the County of Bronx, City and State of New York.

17. That on or about May 20, 2021, and at all times herein mentioned, the Defendant, BURLINGTON STORES, INC., supervised a Burlington store at the premises known as Bronx Terminal Market, located at 700 Exterior Street, in the County of Bronx, City and State of New York.

18. That on or about May 20, 2021, and at all times herein mentioned, the Defendant, BURLINGTON STORES, INC., controlled a Burlington store at the premises known as Bronx

Terminal Market, located at 700 Exterior Street, in the County of Bronx, City and State of New York,

19. That on or about May 20, 2021, and at all times herein mentioned, the Defendant, BURLINGTON STORES, INC., inspected a Burlington store at the premises known as Bronx Terminal Market, located at 700 Exterior Street, in the County of Bronx, City and State of New York.

20. That on or about May 20, 2021, and at all times herein mentioned, the Defendant, BURLINGTON STORES, INC., repaired a Burlington store at the premises known as Bronx Terminal Market, located at 700 Exterior Street, in the County of Bronx, City and State of New York.

21. That at all times herein mentioned, it was the duty of the Defendant, BURLINGTON STORES, INC., its agents and/or employees, to operate, manage, control, and supervise the aforementioned Burlington store at the premises known as Bronx Terminal Market, located at 700 Exterior Street, in the County of Bronx, City and State of New York.

22. That at all times herein mentioned, it was the duty of the Defendant, BURLINGTON STORES, INC., its agents and/or employees, to operate, manage, control, and supervise the aforementioned Burlington store at the premises known as Bronx Terminal Market, located at 700 Exterior Street, in the County of Bronx, City and State of New York, including but not limited to the cashier area situated thereat.

23. That at all times herein mentioned, it was the duty of the Defendant, BURLINGTON STORES, INC., its agents and/or employees, to maintain the aforementioned Burlington store at premises known as Bronx Terminal Market, located at 700 Exterior Street, in

the County of Bronx, City and State of New York, in a reasonably safe and suitable condition and in good repair.

24. That at all times herein mentioned, it was the duty of the Defendant, BURLINGTON STORES, INC., its agents and/or employees, to maintain the aforementioned Burlington store at the premises known as Bronx Terminal Market, located at 700 Exterior Street, in the County of Bronx, City and State of New York, in a reasonably safe and suitable condition and in good repair, including but not limited to the cashier area situated thereat.

25. That at all times herein mentioned, it was the duty of the Defendant, BURLINGTON STORES, INC., its agents and/or employees, to maintain the Burlington Store at the premises known as Bronx Terminal Market, located at 700 Exterior Street, in the County of Bronx, City and State of New York, in a reasonably safe and suitable condition, in good repair and clear of slippery substances.

26. That at all times herein mentioned, it was the duty of the Defendant, BURLINGTON STORES, INC., its agents and/or employees, to maintain the premises known as Bronx Terminal Market, located at 700 Exterior Street, in the County of Bronx, City and State of New York, including but not limited to the cashier area situated thereat, in a reasonably safe and suitable condition, in good repair and clear of slippery substances.

27. That at all times hereinafter alleged, and upon information and belief, the Defendant, BURLINGTON COAT FACTORY OF TEXAS, INC., was an owner of the premises known as Bronx Terminal Market, located at 700 Exterior Street, in the County of Bronx, City and State of New York.

28. That at all times hereinafter alleged, and upon information and belief, the Defendant, BURLINGTON COAT FACTORY OF TEXAS, INC., was a lessor of the premises

known as Bronx Terminal Market, located at 700 Exterior Street, in the County of Bronx, City and State of New York.

29. That at all times hereinafter alleged, and upon information and belief, the Defendant, BURLINGTON COAT FACTORY OF TEXAS, INC., was a lessee of the premises known as Bronx Terminal Market, located at 700 Exterior Street, in the County of Bronx, City and State of New York.

30. That at all times herein mentioned, the Defendant, BURLINGTON COAT FACTORY OF TEXAS, INC., was operating a business, located at 700 Exterior Street, in the County of Bronx, City and State of New York, under the assumed name "Burlington Coat Factory".

31. That at all times herein mentioned, the Defendant, BURLINGTON COAT FACTORY OF TEXAS, INC., was operating a business, located at 700 Exterior Street, in the County of Bronx, City and State of New York, under the assumed name "Burlington".

32. That at all times herein mentioned, the Defendant, BURLINGTON COAT FACTORY OF TEXAS, INC., was operating a business, located at 700 Exterior Street, in the County of Bronx, City and State of New York, under the assumed name "Burlington Coat Factory".

33. That at all times herein mentioned, the Defendant, BURLINGTON COAT FACTORY OF TEXAS, INC., was operating a business, located at 700 Exterior Street, in the County of Bronx, City and State of New York, under the assumed name "Burlington".

34. That on or about May 20, 2021, and at all times hereinafter alleged, and upon information and belief, the Defendant, BURLINGTON COAT FACTORY OF TEXAS, INC.,

managed a Burlington store at the premises known as Bronx Terminal Market, located at 700 Exterior Street, in the County of Bronx, City and State of New York.

35. That on or about May 20, 2021, and at all times herein mentioned, the Defendant, BURLINGTON COAT FACTORY OF TEXAS, INC., maintained a Burlington store at the premises known as Bronx Terminal Market, located at 700 Exterior Street, in the County of Bronx, City and State of New York.

36. That on or about May 20, 2021, and at all times herein mentioned, the Defendant, BURLINGTON COAT FACTORY OF TEXAS, INC., supervised a Burlington store at the premises known as Bronx Terminal Market, located at 700 Exterior Street, in the County of Bronx, City and State of New York.

37. That on or about May 20, 2021, and at all times herein mentioned, the Defendant, BURLINGTON COAT FACTORY OF TEXAS, INC., controlled a Burlington store at the premises known as Bronx Terminal Market, located at 700 Exterior Street, in the County of Bronx, City and State of New York,

38. That on or about May 20, 2021, and at all times herein mentioned, the Defendant, BURLINGTON COAT FACTORY OF TEXAS, INC., inspected a Burlington store at the premises known as Bronx Terminal Market, located at 700 Exterior Street, in the County of Bronx, City and State of New York.

39. That on or about May 20, 2021, and at all times herein mentioned, the Defendant, BURLINGTON COAT FACTORY OF TEXAS, INC., repaired a Burlington store at the premises known as Bronx Terminal Market, located at 700 Exterior Street, in the County of Bronx, City and State of New York.

40. That at all times herein mentioned, it was the duty of the Defendant, BURLINGTON COAT FACTORY OF TEXAS, INC., its agents and/or employees, to operate, manage, control, and supervise the aforementioned Burlington store at the premises known as Bronx Terminal Market, located at 700 Exterior Street, in the County of Bronx, City and State of New York.

41. That at all times herein mentioned, it was the duty of the Defendant, BURLINGTON COAT FACTORY OF TEXAS, INC., its agents and/or employees, to operate, manage, control, and supervise the aforementioned Burlington store at the premises known as Bronx Terminal Market, located at 700 Exterior Street, in the County of Bronx, City and State of New York, including but not limited to the cashier area situated thereat.

42. That at all times herein mentioned, it was the duty of the Defendant, BURLINGTON COAT FACTORY OF TEXAS, INC., its agents and/or employees, to maintain the aforementioned Burlington store at premises known as Bronx Terminal Market, located at 700 Exterior Street, in the County of Bronx, City and State of New York, in a reasonably safe and suitable condition and in good repair.

43. That at all times herein mentioned, it was the duty of the Defendant, BURLINGTON COAT FACTORY OF TEXAS, INC., its agents and/or employees, to maintain the aforementioned Burlington store at the premises known as Bronx Terminal Market, located at 700 Exterior Street, in the County of Bronx, City and State of New York, in a reasonably safe and suitable condition and in good repair, including but not limited to the cashier area situated thereat.

44. That at all times herein mentioned, it was the duty of the Defendant, BURLINGTON COAT FACTORY OF TEXAS, INC., its agents and/or employees, to maintain

the aforementioned Burlington store at the premises known as Bronx Terminal Market, located at 700 Exterior Street, in the County of Bronx, City and State of New York, in a reasonably safe and suitable condition, in good repair and clear of slippery substances.

45. That at all times herein mentioned, it was the duty of the Defendant, BURLINGTON COAT FACTORY OF TEXAS, INC., its agents and/or employees, to maintain the aforementioned Burlington store at the premises known as Bronx Terminal Market, located at 700 Exterior Street, in the County of Bronx, City and State of New York, including but not limited to the cashier area situated thereat, in a reasonably safe and suitable condition, in good repair and clear of slippery substances.

46. That at all times hereinafter alleged, and upon information and belief, the Defendant, BURLINGTON COAT FACTORY DIRECT CORPORATION, was an owner of the premises known as Bronx Terminal Market, located at 700 Exterior Street, in the County of Bronx, City and State of New York.

47. That at all times hereinafter alleged, and upon information and belief, the Defendant, BURLINGTON COAT FACTORY DIRECT CORPORATION, was a lessor of the premises known as Bronx Terminal Market, located at 700 Exterior Street, in the County of Bronx, City and State of New York.

48. That at all times hereinafter alleged, and upon information and belief, the Defendant, BURLINGTON COAT FACTORY DIRECT CORPORATION, was a lessee of the premises known as Bronx Terminal Market, located at 700 Exterior Street, in the County of Bronx, City and State of New York.

49. That at all times herein mentioned, the Defendant, BURLINGTON COAT FACTORY DIRECT CORPORATION, was operating a business, located at 700 Exterior Street,

in the County of Bronx, City and State of New York, under the assumed name "Burlington Coat Factory".

50. That at all times herein mentioned, the Defendant, BURLINGTON COAT FACTORY DIRECT CORPORATION, was operating a business, located at 700 Exterior Street, in the County of Bronx, City and State of New York, under the assumed name "Burlington".

51. That on or about May 20, 2021, and at all times hereinafter alleged, and upon information and belief, the Defendant, BURLINGTON COAT FACTORY DIRECT CORPORATION, managed a Burlington store at the premises known as Bronx Terminal Market, located at 700 Exterior Street, in the County of Bronx, City and State of New York.

52. That on or about May 20, 2021, and at all times herein mentioned, the Defendant, BURLINGTON COAT FACTORY DIRECT CORPORATION, maintained a Burlington store at the premises known as Bronx Terminal Market, located at 700 Exterior Street, in the County of Bronx, City and State of New York.

53. That on or about May 20, 2021, and at all times herein mentioned, the Defendant, BURLINGTON COAT FACTORY DIRECT CORPORATION, supervised a Burlington store at the premises known as Bronx Terminal Market, located at 700 Exterior Street, in the County of Bronx, City and State of New York.

54. That on or about May 20, 2021, and at all times herein mentioned, the Defendant, BURLINGTON COAT FACTORY DIRECT CORPORATION, controlled a Burlington store at the premises known as Bronx Terminal Market, located at 700 Exterior Street, in the County of Bronx, City and State of New York,

55. That on or about May 20, 2021, and at all times herein mentioned, the Defendant, BURLINGTON COAT FACTORY DIRECT CORPORATION, inspected a Burlington store at

the premises known as Bronx Terminal Market, located at 700 Exterior Street, in the County of Bronx, City and State of New York.

56. That on or about May 20, 2021, and at all times herein mentioned, the Defendant, BURLINGTON COAT FACTORY DIRECT CORPORATION, repaired a Burlington store at the premises known as Bronx Terminal Market, located at 700 Exterior Street, in the County of Bronx, City and State of New York.

57. That at all times herein mentioned, it was the duty of the Defendant, BURLINGTON COAT FACTORY DIRECT CORPORATION, its agents and/or employees, to operate, manage, control, and supervise the aforementioned Burlington store at the premises known as Bronx Terminal Market, located at 700 Exterior Street, in the County of Bronx, City and State of New York.

58. That at all times herein mentioned, it was the duty of the Defendant, BURLINGTON COAT FACTORY DIRECT CORPORATION, its agents and/or employees, to operate, manage, control, and supervise the aforementioned premises known as Bronx Terminal Market, located at 700 Exterior Street, in the County of Bronx, City and State of New York, including but not limited to the cashier area situated thereat.

59. That at all times herein mentioned, it was the duty of the Defendant, BURLINGTON COAT FACTORY DIRECT CORPORATION, its agents and/or employees, to maintain the aforementioned Burlington store at premises known as Bronx Terminal Market, located at 700 Exterior Street, in the County of Bronx, City and State of New York, in a reasonably safe and suitable condition and in good repair.

60. That at all times herein mentioned, it was the duty of the Defendant, BURLINGTON COAT FACTORY DIRECT CORPORATION, its agents and/or employees, to

maintain the aforementioned Burlington store at the premises known as Bronx Terminal Market, located at 700 Exterior Street, in the County of Bronx, City and State of New York, in a reasonably safe and suitable condition and in good repair, including but not limited to the cashier area situated thereat.

61. That at all times herein mentioned, it was the duty of the Defendant, BURLINGTON COAT FACTORY DIRECT CORPORATION, its agents and/or employees, to maintain the aforementioned Burlington store at the premises known as Bronx Terminal Market, located at 700 Exterior Street, in the County of Bronx, City and State of New York, in a reasonably safe and suitable condition, in good repair and clear of slippery substances.

62. That at all times herein mentioned, it was the duty of the Defendant, BURLINGTON COAT FACTORY DIRECT CORPORATION, its agents and/or employees, to maintain the aforementioned Burlington store at the premises known as Bronx Terminal Market, located at 700 Exterior Street, in the County of Bronx, City and State of New York, including but not limited to the cashier area situated thereat, in a reasonably safe and suitable condition, in good repair and clear of slippery substances.

63. That at all times herein mentioned, the Defendant(s), their agents and/or employees, extended an invitation to the general public to enter and/or otherwise visit the aforementioned Burlington Store for the purpose of purchasing merchandise.

64. That at all times herein mentioned, the Plaintiff, VILMA RODRIGUEZ, was a lawful and proper patron at the Defendant(s)' aforementioned Burlington Store at the premises known as Bronx Terminal Market, located at 700 Exterior Street, in the County of Bronx, City and State of New York.

65.     That on or about May 20, 2021, the Plaintiff, VILMA RODRIGUEZ, was traversing at or about the Burlington store at the premises known as Bronx Terminal Market, located at 700 Exterior Street, in the County of Bronx, City and State of New York, and more particularly the cashier area situated thereat, when she was caused to slip and/or fall to the ground and sustain serious and permanent injuries.

66.     The Defendant(s), their agents and/or employees were negligent and careless in the ownership, operation, management, maintenance, supervision, repair and/or control of the aforementioned store and premises in causing, allowing and permitting the subject premises, and in particular the cashier area situated thereat, to be, become and remain for a period of time prior to the instant occurrence, in a dangerous, defective, hazardous and/or unsafe condition; in negligently and carelessly failing to remove the dangerous, hazardous, defective and unsafe condition from the surface of the aforementioned cashier area and take other steps necessary to remedy said dangerous condition in failing to properly inspect, control, maintain repair and/or supervise the cashier area situated at the premises despite having prior notice and knowledge of the said dangerous condition existing therein; in causing, permitting and allowing the dangerous, defective, hazardous and unsafe condition on the surface of the subject premises' cashier area to remain in such condition for an unreasonably long period of time after the Defendant(s), their agents and/or employees, knew or should have known of the aforesaid dangerous, defective, hazardous and unsafe condition in the exercise of reasonable care; in failing and neglecting to properly instruct and supervise its agents and/or employees in the usual necessary, proper and required safety measures and procedures; in failing to take all necessary steps, actions and precautions to prevent the occurrence from taking place; in violating applicable laws, rules, regulations, ordinances and statutes, and in otherwise being careless and negligent in the

ownership, operation, management, maintenance, inspection, repair, control and supervision of the subject store and premises.

68. That by reason of the foregoing, and the wrongful, unlawful and negligent acts and omissions on the part of the Defendant(s), their agents and/or employees, as aforesaid, the Plaintiff, VILMA RODRIGUEZ, was rendered sick, sore, lame and disabled and was seriously and permanently injured and so remains; suffered and will continue to suffer agony in body and mind; was unable to pursue her regular activities for a long period of time; was and will be compelled to secure medical aid and medicines in an effort to cure or minimize her injuries and was compelled to expend and become liable for diverse sums of money in an effort to cure herself of her injuries, and since some of her injuries are believed to be of a permanent and lasting nature, upon information and belief, she will continue to be so deprived and so liable for damages in the future.

68. That the aforesaid accident and the injuries to the Plaintiff, VILMA RODRIGUEZ, resulting therefrom, were caused and sustained solely and wholly by reason of the carelessness and negligence on the part of the Defendants, their agents and/or employees.

69. That the aforesaid accident and the injuries to the Plaintiff, VILMA RODRIGUEZ, resulting therefrom, were in no way caused by the carelessness, negligence, wrongdoing and/or want of care on the part of the Plaintiff, VILMA RODRIGUEZ, contributing thereto.

70. That one or more of the exceptions of CPLR §1602 of the Civil Practice Law and Rules applies to the within action, including but not limited to sections (2)(iv) and/or (7).

71. That as a result of the foregoing, the Plaintiff, VILMA RODRIGUEZ, has been damaged in an amount of damages which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

WHEREFORE, Plaintiff, VILMA RODRIGUEZ, demands judgment against the Defendants herein, in an amount that exceeds the jurisdictional amounts of the lower Courts which would otherwise have jurisdiction, all together with the costs and disbursements of this action.

Dated: Valley Stream, New York
May 18, 2022

Yours, etc.,

LAW OFFICES OF LAURENCE ROGERS

By: Laurence D. Rogers, Esq.
Attorneys for Plaintiff
70 E. Sunrise Highway, Suite 500
Valley Stream, New York 11581
(516) 253-4230

## ATTORNEY VERIFICATION

STATE OF NEW YORK, COUNTY OF NASSAU:

I, LAURENCE D. ROGERS, the undersigned, an attorney admitted to practice in the courts of New York State, hereby states under penalty of perjury that I am an attorney for the plaintiff in the within action; I have read the foregoing Complaint and know the contents thereof; the same is true to my own knowledge, except as to the matters therein stated to be alleged on information and belief, and as to those matters I believe to be true. The reason this verification is made by me and not by the plaintiff is that the plaintiff is not presently in the County where I maintain my office. The grounds of my belief as to all matters not stated upon my own knowledge are the materials in my file and the investigations conducted by my office.

Dated: Valley Stream, New York
May 18, 2022

LAURENCE D. ROGERS, ESQ.

**Index No:**

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF BRONX**

VILMA RODRIGUEZ,

                Plaintiff,

    -against-

BURLINGTON STORES, INC., BURLINGTON COAT
FACTORY OF TEXAS, INC. and BURLINGTON
COAT FACTORY WAREHOUSE CORPORATION,

                Defendants.

### SUMMONS AND VERIFIED COMPLAINT

**LAW OFFICES OF LAURENCE ROGERS**
*Attorneys for Plaintiff(s)*
**70 E. SUNRISE HIGHWAY, SUITE 500**
**VALLEY STREAM, NY 11581**
**516-253-4230**

To:
Attorney(s) for

---

Service of a copy of the within            is hereby admitted.
Dated:                                        ........................
                                                        Attorney(s) for